## D. S. WATSON *v.* W. W. STRUNETT, ET AL.

**Homestead Exemption.**
> When a landowner owns and cultivates twenty-one acres of land composed of a·seven-acre tract and a fourteen-acre tract, divided by a small tract belonging to another, he residing on the seven-acre tract, worth less than one thousand dollars, he is entitled to claim his homestead exemption as against a levy on the fourteen acres for the excess over the value of the seven acres up to one thousand dollars.

### APPEAL FROM TODD CIRCUIT COURT.

### March 8, 1879.

OPINION BY JUDGE ELLIOTT:

Appellant, with his brothers and sisters, inherited a farm from their mother. At the time of his mother's death he resided on a part of this land by her permission.

In the division of this tract of land among the Watson heirs the commissioner allotted fourteen acres, including the appellant's residence, and also some seven acres located some half-mile distant to appellant. Between the seven acres and fourteen acres a lot that had been laid off to another one of the heirs intervened. As the fourteen acres was without timber for fuel, appellant built him a residence and moved on the seven-acre tract, but continued to cultivate the fourteen acres, it being the cleared land he owned, and therefore the only land fit for cultivation.

After the division among Mrs. Watson's heirs and after appellant had moved on the seven-acre tract, the appellee, Smith, caused the fourteen acres to be levied on and sold on a fi. fa. in his favor against appellant, and to prevent the purchaser from taking possession on his purchase this suit was brought, and the only question is as to whether the defendant in an execution where the land on which he resides is worth less than a thousand dollars, can make up the deficiency out of land which, although not adjoining it, is used as a part of the same farm.

The homestead law does not require that the homestead shall only include one tract of land. It says, "so much land, including the dwelling house and appurtenances owned by the debtor, as shall not exceed in value one thousand dollars" shall be set apart to the debtor by the levying officer.

The thousand dollars' worth of his land must include his dwelling

house and appurtenances, but if such dwelling-house tract is worth less than one thousand dollars, we think the deficiency can be made up out of a tract which, although not adjoining, is a part of the same tract.

If the execution creditor had levied on this land before the division among the Watson heirs, it is admitted that appellant could have had it allotted as a part of his homestead. The two parcels are part of the same tract of land, and were acquired by appellant by the same title and at the same time, and are used by him as the same farm, the seven acres being used for fuel and the fourteen acres for cultivation. We are therefore of opinion that if the parcel of land which embraced appellant's residence was worth less than a thousand dollars, the deficiency should have been made up out of the fourteen acres which, although not adjoining, was used as a part of appellant's farm according to the pleadings, etc.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*H. G. Petrie, for appellant.*